IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**MICHAEL C. FINTON,**

**Defendant.**                                              No. 09-CR-30098-DRH

### ORDER

**HERNDON, District Judge:**

Before the Court is Defendant Finton's Motion to Continue Final Pretrial Conference, Competency Hearing, Pretrial Motions Deadline, and Jury Trial Setting (Doc. 22). Defendant Finton requests additional time in which to file pre-trial motions as he has received over 2,000 pages of discovery materials as well as 90 hours of audio recordings which his attorney is currently sifting through. Defendant also requests that his competency hearing and final pre-trial conference be continued as his attorney expects to retain a defense consultant to review the findings of the previous psychological evaluation as well as perform further psychological examinations of the Defendant. The Government does not object to the motion.

Based on the reasons in the motion, the Court **GRANTS** Defendant's Motion to Continue Final Pretrial Conference, Competency Hearing, Pretrial Motions Deadline, and Jury Trial Setting (Doc. 22). In light of the defense's expectations to retain a consultant and conduct further evaluations, the competency hearing

currently scheduled for March 24, 2010 will be continued until **July 8, 2010 at 11:00 a.m.**  Further, Defendant will have up to and including **July 30, 2010** in which to file pretrial motions.  The final pretrial conference will also be continued until **August 12, 2010 at 11:00 a.m.**

The Court also finds that the trial should be postponed because the Court is still in the process of determining Defendant's mental competency and has continued the competency hearing so that Defendant may participate in further psychological examinations.  Under **18 U.S.C. § 3161(h)(1)(A)**, any period of delay "resulting from any proceeding, including any examinations, to determine" a defendant's mental capacity is considered excludable time under the Speedy Trial Act.  Because Defendant is retaining a consultant for further psychological evaluations and has asked that the competency hearing be continued so that further evaluations can take place, the Court finds good cause to **GRANT** Defendant's motion (Doc. 22).

Further, the Court finds that the trial should be postponed because Defendant has been granted additional time in which to file pretrial motions.  In addition, the Court finds that pursuant to **18 U.S.C. § 3161(h)(7)(A)**, the ends of justice served by the granting of such a continuance outweigh the interests of the public and Defendant Finton in a speedy trial.  To force a defendant to trial without adequate time to prepare would be a miscarriage of justice.  Accordingly, the Court **CONTINUES** the jury trial currently scheduled for April 26, 2010 until **September**

**27, 2010 at 9:00 a.m.** Further, the time from the date this motion was filed, March 9, 2010, until the date on which the trial is rescheduled, September 27, 2010, is excludable for purposes of a speedy trial.

In continuing this trial, the Court also notes that Defendant was given an extended period of time in which to complete discovery and file pretrial motions. On October 15, 2009, Defendant was arraigned (Doc. 8). At that time, the parties agreed that additional time would be needed in order to complete discovery and file pretrial motions given the extensive amount of discovery materials. This Court agreed and granted the parties further time in which to complete discovery and file pretrial motions. According to a recent Supreme Court decision, **Bloate v. United States**, **No. 08-728, — S. Ct. —, 2010 WL 757660, at *11 (2010)**, delays resulting from pre-trial motion preparation is not automatically excludable under **18 U.S.C. § 3161(h)(1)**, but requires case-specific findings under **18 U.S.C. § 3161(h)(7)**. **See Bloate, — S. Ct. —, 2010 WL 757660, at *5**. In light of the recent decision, the Court finds that the time granted Defendant to complete discovery and file pretrial motions was also excludable under **18 U.S.C. § 3161(h)(7)(A)** as the ends of justice served by the granting of such a continuance outweighed the best interests of the public and Defendant in a speedy trial. To force a Defendant to trial without adequate time to prepare would have constituted a miscarriage of justice. Therefore, the Court notes that the time from the date of the arraignment, October 15, 2009, until the date on which the motions were originally

due, November 23, 2009, is excludable time for the purposes of speedy trial.[1]

Should either party believe that a witness will be required to travel on the Justice Prisoner and Alien Transportation System (JPATS) in order to testify at the trial of this case, a writ should be requested at least two months in advance.

**IT IS SO ORDERED.**

Signed this 10th day of March, 2010.

/s/  *DavidRHerndon*

**Chief Judge**
**United States District Court**

---

[1] The Court notes that Defendant later filed a motion to continue the deadlines for filing pretrial motions as well as the trial date on November 18, 2009 (Doc. 14).  At that time, the Court granted the motion and determined that the subsequent period of time until the new trial date was excludable under **18 U.S.C. § 3161(h)(7)(A)** (Doc. 16).  In light of the Supreme Court's recent decision in ***Bloate***, the Court now makes clear that the time prior to that motion was also excludable time under the Speedy Trial Act as Defendant needed additional time in which to conduct discovery.