IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

**UNITED STATES OF AMERICA**

**Plaintiff,**

v.

**MICHAEL C. FINTON,**

**Defendant.**                                             No.09-CR-30098-DRH

### ORDER

**HERNDON, District Judge:**

Before the Court is Defendant Finton's Motion to Continue (Doc. 40). Specifically, Defendant requests that the trial set for September 27, 2010 be continued for a significant amount of time as discovery in this case is voluminous. The Court had previously determine this case to be complex due to the amount of discovery and had suspended all deadlines in the case.  The Court finds that the trial should be postponed so that Defendant's attorney has adequate time to review the voluminous discovery in this case and determine how best to proceed.  In addition, the Court finds that pursuant to **18 U.S.C. § 3161(h)(7)(A)**, the ends of justice served by the granting of such a continuance outweigh the interests of the public and Defendant Finton in a speedy trial.  To force a defendant to trial without adequate time to prepare would be a miscarriage of justice.

Accordingly, the Court **GRANTS** Defendant's Motion to Continue (Doc. 40). The Court **CONTINUES** the jury trial currently scheduled for September 27, 2010 until **March 14, 2011 at 9:00 a.m.** Further, the time from the date this motion was filed, September 23, 2010, until the date on which the trial is rescheduled, March 14, 2011, is excludable for purposes of a speedy trial.

Should either party believe that a witness will be required to travel on the Justice Prisoner and Alien Transportation System (JPATS) in order to testify at the trial of this case, a writ should be requested at least two months in advance.

In addition to continuing the trial, the Court also **ORDERS** the parties to brief the issue of venue as part of their pre-trial preparation. In previous status conferences the parties discussed a possible transfer to another courthouse due to prejudice that might exist among jurors from the Central District, although the issue was never formally presented before the Court for consideration. Given that all of Judges in the Central District recused due to the alleged threat to the Courthouse in Springfield and the potential bias that might result due to that threat, the alleged attempted bombing also presents the issue of whether a change of venue is necessary due to the potential prejudice among jurors in the Central District. ***See United States v. Nettles*, 476 F.3d 508 (7th Cir. 2007) (addressing a motion to transfer venue after the Seventh Circuit had previously ordered a recusal of the judges due to jury bias)**. Accordingly, the Court **ORDERS** the parties to file briefs addressing the issue of transfer of venue. The parties shall have sixty (60) days from

the date of this Order, up to and including **November 22, 2010**, in which to file their respective briefs.  Thereafter, the parties will have 14 days to file responsive briefs to the opposing party's initial brief.  Alternatively, if the each side agrees on the subject a single joint motion will be welcome on or before the aforementioned date.

**IT IS SO ORDERED.**

Signed this 23rd day of September, 2010.

/s/     David R Herndon

**District Judge**
**United States District Court**